IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SYLVESTER OKORO et al,                    No   C-02-0950 VRW

    Plaintiffs,                          ORDER

    v

CITY OF OAKLAND et al,

    Defendants.
                                      /

This case arises out of the June 28-29, 2001, arrest and detention of plaintiff Sylvester Okoro and the accompanying search of his home by officers of the Oakland police department. Plaintiff brings claims under 42 USC §§ 1981, 1983 and state law. By order filed March 24, 2003, the court dismissed all defendants except the City of Oakland ("defendant") pursuant to FRCP 4 and 41(b). Doc #19. Defendant now moves for summary judgment on the ground that there is no evidence supporting municipal liability in this case. Doc #38. For the reasons that follow, defendant's motion is GRANTED.

/

I

The court first takes up two ministerial matters. First, the court's March 24, 2003, order (Doc #19) granted plaintiff leave to move to file an amended complaint on or before May 22, 2003. He did not do so. Accordingly, the operative complaint in this case is the original complaint, Doc #1.

Second, in some early filings in this action, another plaintiff -- Ava Robinson -- was named. As none of plaintiff's papers refers to her, the court can only assume that her claims are abandoned. Accordingly, all claims by Ava Robinson against all defendants are DISMISSED pursuant to FRCP 41(b) for failure to prosecute. As he is the only remaining plaintiff, the court will refer to Sylvester Okoro as "plaintiff."

II

Local governments -- such as defendant -- are "persons" subject to liability under 42 USC § 1983 where official policy or custom causes a constitutional tort. See <u>Monell v Department of Social Services</u>, 436 US 658, 690 (1978). But a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior. See <u>Board of County Commisioners v Brown</u>, 520 US 397, 403 (1997); <u>Monell</u>, 436 US at 691; <u>Fuller v City of Oakland</u>, 47 F3d 1522, 1534 (9th Cir 1995). Rather, to impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference (or worse) to the

1 plaintiff's constitutional rights; and (4) that the policy is the
2 moving force behind the constitutional violation.  See Plumeau v
3 School District #40, 130 F3d 432, 438 (9th Cir 1997).

4      Liability based on a municipal policy may be satisfied in
5 one of three ways: (1) by showing that a city or county employee
6 committed the alleged constitutional violation under a formal
7 governmental policy or longstanding practice or custom that is the
8 customary operating procedure of the local government entity, see,
9 e g, Brass v County of Los Angeles, 328 F3d 1192, 1199-200 (9th Cir
10 2003); (2) by establishing that the individual who committed the
11 constitutional tort was an official with final policymaking
12 authority  and that the challenged action itself was an act of
13 official governmental policy that was the result of a deliberate
14 choice made from among various alternatives, see, e g, Pembauer v
15 City of Cincinnati, 475 US 469, 482-83 (1986); or (3) by proving
16 that an official with final policymaking authority either delegated
17 policymaking authority to a subordinate or ratified a subordinate's
18 unconstitutional decision or action and the basis for it, see, e g,
19 Webb v Carson City, 330 F3d 1158, 1165-66 (9th Cir 2003).  See also
20 Fuller, 47 F3d at 1534; Gillette v Delmore, 979 F2d 1342, 1346-47
21 (9th Cir 1992).  Proof of random acts or isolated incidents of
22 unconstitutional action by a non-policymaking employee are
23 insufficient to establish the existence of a municipal policy or
24 custom.  See McDade v West, 223 F3d 1135, 1142 (9th Cir 2000);
25 Trevino v Gates, 99 F3d 911, 918 (9th Cir 1996); Thompson v City of
26 Los Angeles, 885 F2d 1439, 1444 (9th Cir 1989).

27      Defendant moves for summary judgment on the ground that
28 plaintiff has failed to establish a genuine issue of material fact

3

concerning the existence of a municipal policy or policymaker decision that caused the alleged deprivation of plaintiff's constitutional rights. The following quotation from plaintiff's opposition is representative of his argument in response to defendant's motion:

> The whole scenario of the events carried by the Police Officers against Plaintiff establishes that Plaintiff's Fourth and Fourteenth Amendments [sic] are violated. The issue that remains would be whether the violations are the direct and proximate result of Oakland City's customs, policy or condoned practices. Plaintiff is entitled to prove that the violations of his rights are the direct and proximate result of Oakland City's customs, policy or practices or condoned practices during the trial of this case after the discoveries are carried out, not at summary judgment motion stage without any discovery or disclosure.

Pl Opp (Doc #51) at 6:13-19.

Plaintiff gravely misunderstands the nature of summary judgment. The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits that demonstrate the absence of a genuine issue of material fact. See Celotex Corp v Catrett, 477 US 317, 323 (1986). On an issue for which the opposing party will have the burden of proof at trial -- as plaintiff would in establishing the existence of a municipal policy or custom -- the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id. This defendant has done. Having met this initial burden, plaintiff must go beyond the pleadings and, by affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." FRCP 56(e). Plaintiff does not even claim to have introduced evidence establishing a genuine

4

issue for trial on the existence of a municipal policy or custom. And, indeed, the court's review of the record discloses no such evidence.

Plaintiff does refer to being "at summary judgment motion stage without any discovery or disclosure." Pl Opp (Doc #51) at 18-19. FRCP 56(f) provides that if a party opposing summary judgment demonstrates a need for further discovery to obtain facts essential to justify the party's opposition, the court may deny the motion for summary judgment or continue the hearing to allow for such discovery. See, e g, Margolis v Ryan, 140 F3d 850, 853 (9th Cir 1998). But in making a Rule 56(f) motion, a party opposing summary judgment must make clear "what information is sought and how it would preclude summary judgment." Id at 853; see, e g, Nicholas v Wallenstein, 266 F3d 1083, 1088-89 (9th Cir 2001). Such reasons must be "presented by affidavit." FRCP 56(f). Plaintiff has not met the procedural requirements of Rule 56(f). Furthermore, even if the procedural requirements were met, the court would deny a Rule 56(f) motion because plaintiff has had ample time to conduct discovery: This case was filed over three years ago, and the court has repeatedly been forced to urge the parties to prosecute and defend the case. See Doc ##13, 19, 22, 36, 45. There has been ample time for discovery.

The court concludes that plaintiff has failed to establish a genuine issue of material fact concerning the existence of a policy or custom of defendant. Accordingly, defendant's motion for summary judgment on the first count of the complaint (42 USC § 1983) is GRANTED. Claims under 42 USC § 1981 against municipalities are also subject to Monell's "policy or custom"

requirement. See <u>Jet v Dallas Independent School District</u>, 491 US 701, 735-36 (1989); <u>Federation of African American Contractors v City of Oakland</u>, 96 F3d 1204, 1215 (9th Cir 1996). Accordingly, defendant's motion for summary judgment on the second count of the complaint (42 USC § 1981) is GRANTED.

### III

The remaining eight causes of action arise under California state law. Defendant contends that all of these causes of action are directed solely toward defendants who have been dismissed. As a result, the parties' memoranda do not join issue on the merits of these claims. The court does not agree that the claims are not directed at defendant. Fairly read, the complaint can be taken to state tort and other causes of action against defendant as well. Defendant's motion for summary judgment on these claims must be DENIED.

That said, counts 3 through 10 are claims that have not been litigated in this court by motion or otherwise. The utter absence of any evidence supporting the federal claims in this suit suggests that to the extent any of plaintiff's claims are viable, they exist only under state law. Title 28 USC § 1367(c) provides that a district court "may decline to exercise supplemental jurisdiction over a claim * * * if * * * the district court has dismissed all claims over which it has original jurisdiction." See also <u>Dyack v Commonwealth of Northern Mariana Islands</u>, 317 F3d 1030, 1037-38 (9th Cir 2003) (holding that dismissal of state law claims is within the district court's discretion following a grant of summary judgment on federal claims). The court has granted

1 **summary judgment against plaintiff on all claims over which the**
2 **court had original federal question jurisdiction, and there appears**
3 **to be no basis for original jurisdiction over the state-law claims.**
4 **Accordingly, pursuant to 28 USC § 1367(c)(3), the court DECLINES to**
5 **exercise supplemental jurisdiction over plaintiff's state law**
6 **claims.  Plaintiff is, of course, free to refile such claims in**
7 **state court, subject to the tolling provisions of 28 USC § 1367(d).**

**IV**

10 **In sum, all claims by Ava Robinson against all defendants**
11 **are DISMISSED pursuant to FRCP 41(b) for failure to prosecute.**
12 **Defendant's motion for summary judgment (Doc #38) is GRANTED.**
13 **Pursuant to 28 USC § 1367(c)(3), the court DECLINES to exercise**
14 **supplemental jurisdiction over the remaining state-law claims.  The**
15 **clerk is DIRECTED to close the file and TERMINATE all pending**
16 **motions.**

18 **IT IS SO ORDERED.**

20 **/s/**
21 **VAUGHN R WALKER**
22 **United States District Chief Judge**